METHFESSEL & WERBEL, ESQS.
3 Ethel Road, Suite 300
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
+1(732) 248-2355
mailbox@methwerb.com
Attorneys for Mayor and Town Council of the Town of Secaucus and Vincent Prieto
Our File No.  72954 ELH

**UNITED STATE DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOAN L. MOSS, DONNA MOSS AND HENRY MOSS<br><br>　　　　Plaintiffs,<br><br>V.<br><br>GABRIEL TORRES, RAUL PADRON, OLGA PADRON, MAYOR AND TOWN COUNCIL OF THE TOWN OF SECAUCUS; VINCENT PRIETO AND GERALD PERRICONE<br><br>　　　　Defendants. | CIVIL ACTION NO.<br><br>2:10-cv-03018-WJM (MF)]<br><br><br>**ANSWER, CROSSCLAIMS & DEMANDS** |

The Mayor and Town Council of the Town of Secaucus and Vincent Prieto, by way of Answer as to damages to the Complaint, state:

**FACTUAL BACKGROUND**

**COUNT ONE**

1. Admitted.

2. Neither admitted nor denied; unknown to defendants.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Neither admitted nor denied; unknown to the defendants.

18. Admitted that a curb was constructed appropriately; otherwise denied.

19. Neither admitted nor denied; unknown to the defendants.

20. Admitted.

21. Admitted.

22. Admitted.

## COUNT TWO

23. See above responses.

24. Denied.

## COUNT THREE

25. See above responses.

26. Denied.

27. Admitted.

28. Admitted.

29. Denied.

30. Denied.

## COUNT FOUR

31. See above responses.

32. Neither admitted nor denied; unknown to the defendants.

33. Denied.

## COUNT FIVE

34. See above responses.

35. Denied.

36. Denied.

## COUNT SIX

38. Denied.

39. Denied.

## COUNT SEVEN

40. See above responses.

41. Denied.

## COUNT EIGHT

42. See above responses.

43. Denied.

### COUNT NINE

44. See above responses.

45. Denied.

### COUNT TEN

46. See above responses.

47. Denied.

### COUNT ELEVEN

48. See above responses.

49. Denied.

### COUNT TWELVE

50. See above responses.

51. Neither admitted nor denied; unknown to the defendants.

52. Neither admitted nor denied; unknown to the defendants

53. Neither admitted nor denied; unknown to the defendants.

54. Neither admitted nor denied; unknown to the defendants.

55. Neither admitted nor denied; unknown to the defendants.

### COUNT THIRTEEN

56. See above responses.

57. Neither admitted nor denied; unknown to the defendants

### COUNT FOURTEEN

58. See above responses.

59. Neither admitted nor denied; unknown to the defendants

60. Neither admitted nor denied; unknown to the defendants

61. Neither admitted nor denied; unknown to the defendants.

62. Neither admitted nor denied; unknown to the defendants.

63. Neither admitted nor denied; unknown to the defendants.

### COUNT FIFTEEN

64. See above responses.

65. Neither admitted nor denied; unknown to the defendants.

### COUNT SIXTEEN

66. See above responses.

67. Denied.

### COUNT SEVENTEEN

68. See above responses.

69. Denied.

### COUNT EIGHTEEN

70. See above responses.

71. Admitted that a curb was properly constructed.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

### COUNT NINETEEN

83. See above responses.

84. Admitted that a curb was properly constructed.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

### COUNT TWENTY

89. See above responses.

90. Admitted that a curb was properly constructed.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

### COUNT TWENTY ONE

96. See above responses.

97. Admitted.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

## COUNT TWENTY TWO

104. See above responses.

105. Admitted.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

**WHEREFORE** the defendants Mayor and Town Council of the Town of Secaucus and Vincent Prieto demand judgment in their favor dismissing the Complaint with prejudice and awarding fees, costs and such other relief as the Court may deem just and equitable.

## FIRST SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

**SECOND SEPARATE DEFENSE**

Defendant was not guilty of any negligence, wrongdoing, breach of duty, or misconduct that was the proximate or producing cause of any injuries or damages alleged by plaintiff.

**THIRD SEPARATE DEFENSE**

Any claims against answering defendant are barred by contributory negligence or should be mitigated by comparative negligence pursuant to N.J.S.A. 2A:15-5.1, et seq.

**FOURTH SEPARATE DEFENSE**

Any and all injuries and damages were proximately caused by actions or negligence of plaintiff or by persons not under the control of this defendant.

**FIFTH SEPARATE DEFENSE**

Any and all injuries and damages were proximately caused solely by the actions or negligence of the co-defendants.

**SIXTH SEPARATE DEFENSE**

Any injuries and damages were caused by and arose out of risks of which plaintiff had full knowledge and which plaintiff assumed.

**SEVENTH SEPARATE DEFENSE**

Any and all injuries and damages were caused solely by the negligence of the plaintiff.

**EIGHTH SEPARATE DEFENSE**

Any and all injuries and damages were caused solely by the intentional behavior of the plaintiff.

### NINTH SEPARATE DEFENSE

Defendant owed no legal duty to the plaintiff.

### TENTH SEPARATE DEFENSE

Defendant breached no duty owed to the plaintiff.

### ELEVENTH SEPARATE DEFENSE

Defendant performed each and every duty, if any, owed to plaintiff.

### TWELFTH SEPARATE DEFENSE

Plaintiff has not been deprived of any right, privilege, or immunity created or recognized by the United States Constitution, the New Jersey Constitution, any statute, or any law.

### THIRTEENTH SEPARATE DEFENSE

Defendants affirmatively and specifically plead each and every defense, limitation, and immunity, and protection provided under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq., and hereby place plaintiff on notice that each such statutory provision is hereby raised as a separate and affirmative defense throughout every stage of the case.

### FOURTEENTH SEPARATE DEFENSE

Defendant is immune from liability for any damages for pain and suffering under N.J.S.A. 59:9-2.

### FIFTEENTH SEPARATE DEFENSE

Defendant is entitled to a credit for any benefits paid to plaintiff under N.J.S.A. 59:9-2.

**SIXTEENTH SEPARATE DEFENSE**

Any actions or failure to act on the part of defendant were in the nature of the discretionary activity within meaning of N.J.S.A. 59:2-3.

**SEVENTEENTH SEPARATE DEFENSE**

Defendant is entitled to the good faith immunity established by N.J.S.A. 59:3-3.

**EIGHTEENTH SEPARATE DEFENSE**

Plaintiff failed to comply with the conditions precedent for making any claim against defendant by not filing the claim in the manner and within the time provided by N.J.S.A. 59:8-3, 59:8-4, 59:8-5, 59:8-7, and 59:8-8.

**NINTEENTH SEPARATE DEFENSE**

Defendant is entitled to immunity under N.J.S.A. 59:2-2.

**TWENTIETH SEPARATE DEFENSE**

Defendant is entitled to immunity under N.J.S.A. 59:2-10

**TWENTY-FIRST SEPARATE DEFENSE**

Defendant is immune from any prejudgment interest under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq.

**TWENTY-SECOND SEPARATE DEFENSE**

While denying any liability, any recovery to which plaintiff might otherwise be entitled to subject to the provisions and limitations provided in the New Jersey Tort Claims Act.

### TWENTY-THIRD SEPARATE DEFENSE

Defendant neither took nor sanctioned any of the actions alleged by plaintiff.

### TWENTY-FOURTH SEPARATE DEFENSE

Neither this defendant nor any of its agents had any personal participation in the alleged occurrence.

### TWENTY-FIFTH SEPARATE DEFENSE

Defendant acted upon probable cause and in good faith in carrying out all duties.

### TWENTY-SIXTH SEPARATE DEFENSE

Any action or inaction on the part of defendant was the result of the exercise of judgment or discretion vested in defendant within the meaning of the applicable law.

### TWENTY-SEVENTH SEPARATE DEFENSE

Defendant acted in good faith without malicious intent in carrying out all duties.

### TWENTY-EIGHTH SEPARATE DEFENSE

Defendant at all times acted reasonably, in good faith, and in accordance with all applicable laws of the United States, State of New Jersey, and local ordinances.

### TWENTY-NINTH SEPARATE DEFENSE

While denying any liability, co-defendants were not acting as agents of this defendant at the times they committed the alleged acts in the Complaint.

### THIRTIETH SEPARATE DEFENSE

While denying any liability, this defendant did not know and had no reasonable basis to know that co-defendants had the propensity to engage in the acts alleged in the Complaint.

### THIRTY-FIRST SEPARATE DEFENSE

All of the acts of defendant were performed in good faith and defendant is therefore entitled to qualified immunity.

### THIRTY-SECOND SEPARATE DEFENSE

Defendant is entitled to absolute immunity.

### THIRTY-THIRD SEPARATE DEFENSE

To the extent alleged, if any, defendant did not engage in a conspiracy against plaintiff and did not have a custom, plan or practice that violated plaintiff's rights.

### THIRTY-FOURTH SEPARATE DEFENSE

Punitive damages cannot be awarded against defendant under both common law and statute.

### THIRTY-FIFTH SEPARATE DEFENSE

There is no basis in law or fact for the award of damages under the tort of emotional distress.

### THIRTY-SIXTH SEPARATE DEFENSE

Plaintiff is not entitled to an award of economic damages against defendant.

### THIRTY-SEVENTH SEPARATE DEFENSE

Plaintiff is not entitled to an award of interest against defendant.

### THIRTY-EIGHTH SEPARATE DEFENSE

Plaintiff is not entitled to an award of counsel fees against defendant.

### THIRTY-NINTH SEPARATE DEFENSE

Defendant did not violate any duty owed to plaintiff under common law, statute, regulations, or standards.

### FORTIETH SEPARATE DEFENSE

Any alleged damages were due to unavoidable circumstances and causes beyond the control or fault of defendant.

### FORTY-FIRST SEPARATE DEFENSE

Defendant was acting pursuant to law in performing any of the acts alleged in the Complaint.

### FORTY-SECOND SEPARATE DEFENSE

Service of process not effectuated upon defendant, and defendant reserves the right to move to dismiss for insufficiency of process and insufficiency of service of process.

### FORTY-THIRD SEPARATE DEFENSE

Plaintiff's claims are barred by the entire controversy doctrine.

**FORTY-FOURTH SEPARATE DEFENSE**

This court lacks jurisdiction over one or more of plaintiff's claims.

**FORTY-FIFTH SEPARATE DEFENSE**

Plaintiff's Complaint is barred by the applicable statute of limitations.

**FORTY-SIXTH SEPARATE DEFENSE**

Plaintiff's claims are barred by the doctrines of estoppel, laches, waiver, and/or unclean hands.

**FORTY-SEVENTH SEPARATE DEFENSE**

Plaintiff failed to take reasonable and necessary measures to mitigate damages.

**FORTY-EIGHTH SEPARATE DEFENSE**

To the extent not inconsistent with anything pleaded herein, this defendant joins in the affirmative defenses asserted by the co-defendants.

**FORTY-NINTH SEPARATE DEFENSE**

Defendant reserves its right to assert such other affirmative defenses as continuing investigation and discovery may indicate.

**FIFTIETH SEPARATE DEFENSE**

Defendant had legitimate, nondiscriminatory reasons for all acts and omissions of which plaintiff complains.

**FIFTY-FIRST SEPARATE DEFENSE**

Plaintiff has failed to exhaust all available administrative remedies.

## **ANSWER TO ALL CROSSCLAIMS**

Defendant, by way of answer to any and all crossclaims which have been or will be interposed, denies each and every allegation of said crossclaims.

## **CROSSCLAIM FOR CONTRIBUTION**

While denying any liability, defendants, Mayor and Town Council of the Town of Secaucus and Vincent Prieto assert that any and all injuries and damages were the proximate result of the conduct of co-defendants and hereby demands contribution together with costs of suit, counsel fees, interest, and such other and further relief as the Court may deem equitable and just.

## **CROSSCLAIM FOR INDEMNIFICATION**

While denying any liability, defendant, Mayor and Town Council of the Town of Secaucus and Vincent Prieto assert that any and all injuries and damages were the proximate result of the conduct of the co-defendants, which was primary and active, and if this defendant is found liable with respect to said injuries or damages, such liability resulted solely from secondary, imputed, vicarious, or passive conduct, and co-defendants are liable to this defendant by way of indemnification for any and all sums which this defendant may be required to pay in this action, together with costs of suit, counsel fees, interest, and such other further relief as the Court may deem equitable and just.

**JURY DEMAND**

The defendants hereby demand trial by a jury as to all issues.

                                 **METHFESSEL & WERBEL, ESQS.**
                                 Attorneys for Mayor and Town Council of the Town of Secaucus and Vincent Prieto

By:_____
                Eric L. Harrison

DATED: June 18, 2010

Our File No.  72954

## CERTIFICATE OF MAILING

The undersigned hereby certifies as follows:

1.  I am employed by the law firm of Methfessel & Werbel.

2.  On June 18, 2010 the undersigned prepared and forwarded copies of the within correspondence to the following parties:

> **VIA E-FILING**
> Clerk, United States District Court - Newark
> Martin Luther King Jr.
> Federal Building  and U.S. Court
> Newark, NJ  07101
>
> **VIA FAX**
> Bruce D. Nimensky, Esq.
> Serruto & Associates, P.C.
> 60 Northfield Avenue
> West Orange, NJ 07052
> Attorneys for: Joan L. Moss, Donna Moss and
> Henry Moss
>
> **VIA FAX**
> J Alvaro Alonso, Esq.
> Alonso & Navarrette, L.L.C.
> 6121 Kennedy Boulevard
> North Bergen, NJ 07047

3.  I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Eric L. Harrison



| Counsel | Associates |
|---|---|
| JOEL N. WERBEL> | |
| JOHN METHFESSEL, JR.> | LORI BROWN STERNBACK*+ | EDWARD D DEMBLING> |
| EDWARD L. THORNTON*> | MARC DEMBLING*+ | MICHAEL R. EATROFF> |
| DONALD L. CROWLEY*+ | PAUL J. ENDLER JR.> | TIMOTHY J. FONSECA+ |
| FREDRIC PAUL GALLIN*+^ | GERALD KAPLAN+ | MAURICE JEFFERSON> |
| STEPHEN R. KATZMAN# | JARED P. KINGSLEY*+ | FRANK J. KEENAN+^ |
| WILLIAM S.BLOOM>* | STEVEN A. KLUXEN^ | JENNIFER M. HERRMANN^= |
| ERIC L. HARRISON*+ | JOHN R. KNODEL.*+ | RAINA M. JOHNSON^ |
| MATTHEW A. WERBEL> | CHARLES T. MCCOOK, JR. *> | LESLIE A. KOCH+ |
| | MARTIN R. MCGOWAN, JR.> | ALLISON M. KOENKE |

Of Counsel
JOHN METHFESSEL, SR.>

DANIELLE M. LOZITO+
KEITH J. MURPHY+
CAROLINE PYRZ^
MATTHEW L. RACHMIEL>
WILLIAM J. RADA+
CHARLES P. SAVOTH, III>
AMANDA J. SCHMESSER^
MICHELLE M. SCHOTT>
GINA M. STANZIALE>
ADAM S. WEISS<

* Certified by the Supreme Court of
   New Jersey as a Civil Trial Attorney
+Member of NY & NJ Bar
^Member of PA & NJ Bar
>Member of NJ Bar only
#Member of NJ & LA. Bar
%Member of MI Bar
<Member of NJ and DC
=Member of FL Bar

**Please reply to New Jersey**

June 18, 2010

<u>Via E-Mail</u>
John H. Dorsey, Esq.
Dorsey & Semrau
714 Main Street
PO Box 228
Boonton, NJ 07005

RE: **MOSS, JOAN VS. GABRIEL TORRES, ET AL.**
   Our File No.      : 72954 ELH
   Claim No.         : W20721

Dear Mr. Dorsey:

Having obtained written consent from the codefendants, we have removed this matter to U.S. District Court. While plaintiffs may very well abandon their takings claim, the scheduling of an initial conference with a Magistrate Judge is likely to prompt early settlement discussions.

Enclosed is a copy of the Answer that we have e-filed on behalf of the Mayor and Town Council of the Town of Secaucus and Vincent Prieto.

Bill Bruce's most recent communication regarding representation of Mr. Perricone indicates that because he is only a part-time employee of the Town, I should not defend him and he should obtain coverage through his professional liability carrier. Please let me know if the MEL's position changes in this regard; otherwise I will defend only the Town and its code official, Mr. Prieto.

Thank you again for submitting the defense of this matter to us. Please rest assured we will do our utmost to protect the interests of the Municipal Excess Liability Joint Insurance Fund and its insured.

Very truly yours,
**METHFESSEL & WERBEL, ESQS.**

Eric L. Harrison
harrison@methwerb.com
Ext. 138

ELH/Enc.(Answer)

3 Ethel Road ~ Suite 300 ~ P.O. Box 3012 ~ Edison, NJ 08818 ~ (732) 248-4200 ~ FAX (732) 248-2355
450 Seventh Avenue ~ Suite 1400 ~ New York, New York 10123 ~ (212) 947-1999 ~ FAX (212) 947-3332
www.njinslaw.com

Methfessel & Werbel, Esqs.
Our File No. 72954 ELH
Page 2


Cc: **Via E-Mail**
William H. Bruce, III
Scibal Insurance Group
23 Mays Landing Road
PO Box 500
Somers Point, NJ  08244

**Claim No. W20721**