# SERRUTO & ASSOCIATES, P.C.
## ATTORNEYS-AT-LAW

ROGER A. SERRUTO+
ANDREW V. HA
JERRY G. CRAPIS
BRUCE D. NIMENSKY

+MEDIATOR SINCE 1997

60 NORTHFIELD AVENUE — SUITE 2
WEST ORANGE, NEW JERSEY 07052
TEL: (973) 736-7373
GENERAL FAX: (973) 736-7311
REAL ESTATE FAX: (973) 736-3703

www.serrutolaw.com

AMANDA L. SCHROEDER
REAL ESTATE PARALEGAL

SUZANNE M. ONETO
LITIGATION PARALEGAL

BONNIE E. BLACK
MATRIMONIAL PARALEGAL

Writer's email: bnimensky@serrutolaw.com

June 21, 2010

**VIA LAWYERS SERVICE**
The Hon. William J. Martini, JUS Dist. Ct.
M.L. King Jr. Federal Building & Courthouse
Room 4076
50 Walnut Street
Newark, New Jersey 07102

    Re:    **Joan L. Moss, et als v. Gabriel Torres, et als**
           **Docket No.: 2:10-CV-03018-WJM**

Dear Judge Martini:

    Please be advised that we represent the Plaintiffs in the above referenced matter. Plaintiffs initially brought this matter in State Court by complaint filed on April 27, 2010. On June 15, 2010, the attorneys for Defendants, Mayor and Town Council of the Town of Secaucus and Vincent Prieto, filed a Notice of Removal pursuant to 28 U.S.C. § 1446. Thereafter, on June 18, 2010, prior to this Court's determination pursuant to 28 U.S.C. § 1446 c, the Defendant filed an answer in Federal Court.

    28 U.S.C. § 1446 c, provides in relevant part as follows:

        (a)    A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action...

        (c)(4)    The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

Plaintiffs submit that, pursuant to well settled law, "it clearly appears on the face" of the notice to remove and the exhibits annexed thereto that removal should not be permitted and that summary remand pursuant to 28 U.S.C. § 1446 c (4) is appropriate.

## THE APPLICABLE LAW

The law suit filed by Plaintiffs in the Superior Court of New Jersey, Hudson County, is a twenty-one (21) count complaint concerning zoning violations and damage due to water runoff. Count 20 of the Plaintiffs' complaint seeks compensation for damages resulting from the installation of a curb, at the direction of the Municipality, which curb has blocked vehicular access from Plaintiffs' property to the public street. Thus, Plaintiffs have brought an action for inverse condemnation, a remedy that belongs in the state court. Rieder v. State Dep't of Transp., 221 N.J.Super. 547, 553, 535 A.2d 512 (App.Div.1987). Littman v. Gimello, 115 N.J. 154, 161, 557 A.2d 314, cert. denied, 493 U.S. 934, 110 S.Ct. 324, 107 L. Ed.2d 314 (1989).

The law is well settled that a party may not bring a Fifth Amendment claim until it has first exhausted its State remedies. Williamson County v. Hamilton Bank, 473 U.S. 172 (1985).

The Supreme Court decided in Williamson County that a property owner must exhaust available remedies for just compensation in State Court before the property owner can file suit in Federal Court.

As set forth by the Court in Adam Brothers Farming v. County of Santa Barbara, 604 F.3d 1142 (9 Cir. 2010):

> …a plaintiff bringing a takings claim must have "unsuccessfully attempted to obtain just compensation through the procedures provided by the State." Williamson County, 473 U.S. at 195, 105 S.Ct. 3108. To meet this standard, a plaintiff must bring her claim in state court, requesting just compensation for the alleged taking. See id. at 196, 105 S.Ct. 3108. This requirement exists because the "Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation." Id. at 194, 105 S.Ct. 3108. It is not until a party seeks and is denied just compensation from the state that a constitutional violation occurs. See id. at 195, 105 S.Ct. 3108.

Both the federal and state constitutions prohibit the government from taking property without paying just compensation. Article I, paragraph 20 of the New Jersey Constitution prohibits the state government from taking property without paying just compensation. The protections afforded under the New Jersey constitution are coextensive with the federal constitution. See Rieder v. State Dep't of Transp., 221 N.J.Super. 547, 553, 535 A.2d 512 (App.Div.1987). Littman v. Gimello, 115 N.J. 154, 161, 557 A.2d 314, cert. denied, 493 U.S. 934, 110 S.Ct. 324, 107 L. Ed.2d 314 (1989). In an inverse condemnation case, a property owner alleges that the government took the property without the payment of just compensation. Pappas v. Bd. of Adjustment of Borough of Leonia, 254 N.J.Super. 52, 56, 603 A.2d 65 (App.Div.), certif. denied, 130 N.J . 9, 611 A.2d 648 (1992). The essence of the cause of action is a de facto taking of private property under the state's power of eminent domain. Van Dissel v. Jersey Cent. Power & Light Co., 152 N.J.Super. 391, 404, 377 A.2d 1244 (Law Div.1977), aff'd, 181 N.J.Super. 516, 438 A.2d 563 (App.Div.1981), certif. denied, 89 N.J. 409, 446 A.2d 142 (1982), vacated on other grounds, 465 U.S. 1001, 104 S.Ct. 989, 79 L. Ed.2d 224 (1984). Inverse condemnation thus

provides a remedy in State court to insure that the owner whose land was taken de facto by a municipality receives just compensation. Ibid.

   Thus, the court is strongly urged to immediately remand this matter to the State court as it has been improperly removed to Federal court. <u>Williamson County.</u>

            Respectfully submitted,

            BRUCE D. NIMENSKY

BDN:so
cc: Eric L. Harrison, Esq. (Via Fax 732-248-2355 & Regular Mail)
   James A. Coviello, Esq. (Via Fax 201-943-1087 & Regular Mail)
   J. Alvaro Alonso, Esq. (Via Fax 201-295-9565 & Regular Mail)
   Joan, Donna & Henry Moss (Via E-Mail)

RECEIVED
JUN 22 2010
AT 8:30 _____ M
WILLIAM T. WALSH, CLERK