

| | Counsel | Associates |
|---|---|---|
| JOEL N. WERBEL> | LORI BROWN STERNBACK*+ | EDWARD D DEMBLING> |
| JOHN METHFESSEL, JR.> | MARC DEMBLING*+ | MICHAEL R. EATROFF> |
| EDWARD L. THORNTON*> | PAUL J. ENDLER JR.> | TIMOTHY J. FONSECA+ |
| DONALD L. CROWLEY*+ | GERALD KAPLAN+ | MAURICE  JEFFERSON> |
| FREDRIC PAUL GALLIN*+^ | JARED P. KINGSLEY*+ | FRANK J. KEENAN+^ |
| STEPHEN R. KATZMAN# | STEVEN A. KLUXEN^ | JENNIFER M. HERRMANN^= |
| WILLIAM S.BLOOM>* | JOHN R. KNODEL*+ | RAINA M. JOHNSON^ |
| ERIC L. HARRISON*+ | CHARLES T. MCCOOK, JR. *> | LESLIE A. KOCH+ |
| MATTHEW A. WERBEL> | MARTIN R. MCGOWAN, JR.> | ALLISON M. KOENKE> |
| | | DANIELLE M. LOZITO+ |
| Of Counsel | | CAROLINE  PYRZ^ |
| JOHN METHFESSEL, SR.> | | MATTHEW L. RACHMIEL> |
| | | WILLIAM J. RADA+ |
| | | CHARLES P. SAVOTH, III> |
| | | AMANDA J. SCHMESSER^ |
| | | MICHELLE M. SCHOTT> |
| | | GINA M. STANZIALE> |
| | | ADAM S. WEISS< |

\* Certified by the Supreme Court of
   New Jersey as a Civil Trial Attorney
+Member of NY & NJ Bar
^Member of PA & NJ Bar
>Member of NJ Bar only
#Member of NJ & LA. Bar
%Member of MI Bar
<Member of NJ and DC
=Member of FL Bar

**Please reply to New Jersey**

June 28, 2010

**VIA ELECTRONIC FILING**
Honorable William J. Martini, J.D.C.
Martin Luther King Jr., Fed. Building & Cthse.
50 Walnut Street
Newark, NJ 07102

RE:   **MOSS, JOAN VS. GABRIEL TORRES, ET AL.**
      Our File No.      :   72954 ELH
      Docket No.        :   2:10-CV-03018-WJM (MF)

Dear Judge Martini:

I write in response to Mr. Nimensky's letter (Docket No. 3) requesting remand to Superior Court.

Defendants removed this matter to U.S. District Court because the 20th Count of the Complaint asserted against Secaucus a claim of taking without just compensation. While the Complaint made no explicit reference to either the State or Federal Constitution, because such a claim sounds under the Fifth Amendment of the U.S. Constitution and all defendants consented, it was indeed properly removed to U.S. District Court.

Nevertheless, plaintiff's counsel now asserts that such a claim, whether asserted under the New Jersey or U.S. Constitutions, is not ripe until a taking has been established yet no just compensation has been provided through an inverse condemnation action in state court.  In other counts of the Complaint the plaintiffs demand damages on account of certain allegedly improper actions of Secaucus.  It will not be  until such claims fail, they now assert, that a claim of taking without just compensation will accrue.

We accept this characterization of the law, which compels dismissal of Count 20 as premature.  Upon such dismissal, federal subject matter jurisdiction would disappear and the matter would be ripe for remand to Superior Court.  Until such dismissal - or at least an express dismissal of any federal claims under the takings clause - federal jurisdiction remains appropriate.

Methfessel & Werbel, Esqs.
Our File No. 72954 ELH
Page 2

Thank you for your consideration.

                                            Respectfully,

                                            **METHFESSEL & WERBEL, ESQS.**

                                            Eric L. Harrison
                                            harrison@methwerb.com
                                            Ext. 138

ELH:jzm.
Encl – letter

    cc:    **VIA ELECTRONIC FILING TO BOTH**

          **VIA FAX: (973) 736-7311**
          Bruce D. Nimensky, Esq.
          Serruto & Associates, P.C.
          60 Northfield Avenue
          West Orange, NJ 07052

          **VIA FAX: (201) 295-9565**
          J Alvaro Alonso, Esq.
          Alonso & Navarrette, L.L.C.
          6121 Kennedy Boulevard
          North Bergen, NJ 07047